# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | Case No. 18-13507 EEB |
| SERVICE, LLC, | ) | Chapter 11 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | |
| SERVICE, LLC, | ) | Adversary Proceeding No. 18-01167 EEB |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY; ORION AIRGROUP | ) | |
| HOLDINGS, LLC; LOW COUNTRY | ) | |
| TRADING IV, LLC; LOW COUNTRY | ) | |
| TRADING VI, LLC; TEMPUS JET | ) | |
| CENTERS III, LLC; GODFREY \| | ) | |
| JOHNSON, P.C.; BRETT GODFREY; | ) | |
| AARON BAKKEN; THE LAW OFFICES | ) | |
| OF FRED C. BEGY III; FRED C. BEGY | ) | |
| III; THE STANG LAW FIRM; MARK A. | ) | |
| STANG; FIREFLY FINANCIAL LTD.; | ) | |
| STONEBRIAR COMMERCIAL | ) | |
| FINANCE; and, BANK OF THE WEST, | ) | |
| N.A., | ) | |
|     Defendants. | ) | |

---

## AMENDED COMPLAINT

---

    Plaintiff Tempus Aircraft Sales and Service, LLC ("TASS"), by and through its counsel, Wadsworth Warner Conrardy, P.C., for its Complaint states and alleges as follows:

### JURISDICTION AND VENUE

    1.    The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2.     This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (K), and (O).

3.     Venue in this district is proper under 28 U.S.C. § 1409(a).

4.     This adversary proceeding is commenced pursuant to Rule 7001(1), (2), and (9) of the Federal Rules of Bankruptcy Procedure.

## STATEMENT PURSUANT TO RULE 7008

5.     Plaintiff Tempus Aircraft Sales & Service, LLC ("Tass") consents to entry of final orders or judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

### Parties

6.     The Travelers Indemnity Company ("Travelers") is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

7.     Orion Airgroup Holdings, LLC ("Orion") is a Nevada limited liability company with its principal place of business in Englewood, Colorado.

8.     Lowcountry Trading IV, LLC ("Lowcountry IV") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

9.     Lowcountry Trading VI, LLC ("Lowcountry VI") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

10.    Tempus Jet Centers III, LLC ("Tempus III") is a Delaware limited liability company with its principal place of business in Englewood, Colorado.

11.    Godfrey | Johnson, P.C. is a professional corporation that provides professional services in the State of Colorado.

12.    Brett Godfrey is an individual residing in Colorado. As set forth below, Mr. Godfrey was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

13.    Aaron Bakken is an individual residing in Colorado. As set forth below, Mr. Bakken was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

2

14.     The Law Offices of Fred C. Begy III, P.C. is an Illinois professional corporation that provides professional services in the State of Colorado.

15.     Fred C. Begy III, is an individual residing in Illinois. As set forth below, Mr. Begy was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

16.     The Stang Law Firm is an Illinois law firm that provides professional services in the State of Colorado.

17.     Mark A. Stang is an individual residing in Illinois. As set forth below, Mr. Stang was counsel of record for Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS in Case No. 2016-CV-33113 in the District Court for the City and County of Denver.

18.     Firefly Financial, Ltd. ("Firefly") is a British Virgin Islands company that asserts an interest in the property subject to this action.

19.     Stonebriar Commercial Finance ("Stonebriar") is a Texas limited liability company that asserts an interest in the property subject to this action.

20.     Bank of the West, N.A. is a national bank doing business in Colorado that asserts an interest in the property subject to this action.

<u>Background</u>

21.     Orion, Lowcountry IV, and Lowcountry VI filed a lawsuit against Travelers, Arapahoe Airport Joint Venture #1 and Arapahoe Airplaza JV #1 (the "Arapahoe Entities") on August 25, 2016, Case No. 2016-CV-33113 in the District Court for the City and County of Denver (the "Underlying Lawsuit").

22.     As to Travelers, the plaintiffs in the Underlying Lawsuit alleged breach of contract and bad faith breach of contract with respect to damage allegedly sustained during a hangar collapse on August 10, 2015.  As to the Arapahoe Entities, the plaintiffs alleged premises liability with respect to the same hangar collapse.

23.     On March 1, 2017, Orion, Lowcountry IV, and Lowcountry VI filed an Amended Complaint adding Tempus III as a Plaintiff.

24.     Prior to trial, Travelers reached an agreement to settle the claims between it and Orion, Lowcountry IV, Lowcountry VI, and Tempus III.

25.     The settling parties cooperated in the drafting of a Confidential Release of All Claims.  The release was also signed by nonparty TASS which asserted an interest in the litigation.

3

26.     The Confidential Release of All Claims was executed on October 25, 2017 and provided for the transfer of $1,150,000 (the "Settlement Funds") to Godfrey | Johnson, P.C.

27.     The claims against the Arapahoe Entities were tried and the jury returned a verdict in favor of Orion.  Judgment was entered against the Arapahoe Entities in the amount of $2,929,025.37 on October 13, 2017 *nunc pro tunc* September 29, 2017 (the "Arapahoe Judgment").

28.     Prior to the delivery of the Settlement Funds, a number of parties asserted claims against Orion, Lowcountry IV, Lowcountry VI, Tempus III, and TASS.

29.     On October 19, 2017, Godfrey | Johnson, P.C. and attorneys Brett Godfrey and Aaron Bakken filed a Notice of Attorney Lien in the Underlying Lawsuit claiming $259,774.80 as well as ongoing fees and costs.

30.     On October 30, 2017, Firefly filed suit against Orion in the District Court, Arapahoe County, Colorado, Case Number 2017 CV 32479.

31.     On November 1, 2017, Firefly obtained an *Ex Parte* Writ of Attachment pursuant to C.R.C.P. 102 in its favor and against the assets and property of Orion.

32.     Bank of the West asserts a perfected security interest in the Settlement Funds and the Arapahoe Judgment.

33.     In addition, Bank of the West filed suit against TASS on November 17, 2017 in the District Court, City and County of Denver, Colorado, Case Number 2017 CV 32637.

34.     On November 21, 2017, Cordes & Company was appointed as the receiver for TASS.  As the receiver, Cordes & Company entered its appearance in the Underlying Lawsuit and purported to act on behalf of TASS therein with respect to the Settlement Funds.

35.     On November 27, 2017, The Stang Law Firm and attorney Mark Stang filed a Notice of Attorney Lien in the Underlying Lawsuit in the amount of $37,760.00 in addition to ongoing fees and expenses.

36.     On November 27, 2017, The Law Offices of Fred C. Begy III and attorney Fred C. Begy filed a Notice of Attorney Lien in the Underlying Lawsuit in the amount of $139,315.15 in addition to ongoing fees and expenses.

37.     On December 11, 2017 Travelers filed a Motion to Deposit the settlement proceeds in the Underlying Lawsuit.

38.     The Denver District Court granted Travelers' Motion to Deposit on December 14, 2017.  Travelers deposited the settlement proceeds on December 19, 2017.

39.     On February 12, 2018 Stonebriar received charging orders against TASS based upon a May 12, 2017 foreign judgment in Collin County, Texas in the amount of $12,318,014.45.

40.     On March 14, 2018, Firefly moved to intervene in the Underlying Lawsuit.

41.     On March 29, 2018, Stonebriar moved to intervene in the Underlying Lawsuit.

42.     On April 10, 2018, the Denver District Court entered an Order returning the settlement funds to Travelers, denying the intervention motions and stating, in part:

> Since the Court granted Travelers leave to deposit the settlement funds in the Court Registry, the case has morphed into a battle among Orion's and TASS's myriad of judgment creditors regarding their rights to a portion of the settlement funds. This case, however, is not properly procedurally postured in this Court for such a battle, nor is this Court the appropriate forum to address the competing claims. Upon further consideration, the Court concludes that it improvidently granted Travelers' Rule 67 motion. Further, with the exception of the Attorneys' motion, the Court also concludes it improvidently granted the motions to intervene.

43.     In the same order, the Denver District Court entered judgment in favor of Godfrey | Johnson, P.C. for attorney fees in the amount of $264.615.00.

44.     At 10:46 a.m. on April 26, 2018, TASS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

45.     At 3:04 p.m. on April 26, 2018, Travelers filed a Complaint in Interpleader, Case No. 2018-CV-31520 in the District Court for the City and County of Denver (the "Interpleader Lawsuit") naming substantially the same parties named herein.

46.     The Interpleader Lawsuit names Cordes & Company as a defendant but not Bank of the West.  As Bank of the West claims the security interest in the Settlement Funds, not Cordes & Company, TASS elected to include Bank of the West as a defendant instead of Cordes & Company.

47.     The Interpleader Lawsuit was filed in violation of 11 U.S.C. § 362 and all actions take therein are void.

## FIRST CLAIM FOR RELIEF
### (Interpleader Pursuant to Fed. R. Civ. P. 22)

48.     TASS incorporates by this reference the allegations contained in Paragraphs 1 through 47 above as though more fully set forth in this Claim for Relief.

49.     Given the competing claims to the underlying settlement funds, Travelers is unable to determine which of the parties is entitled to the Settlement Funds, in what amount and in what priority.

50.     Travelers alleged in the Interpleader Lawsuit that such uncertainty may expose Travelers to the threat of multiple lawsuits and multiple liability for the same funds.

51.     Travelers claims no beneficial interest in the settlement funds and is a mere stakeholder.

52.     In the Interpleader Lawsuit, Travelers asserted that it "is now, and has at all pertinent times, been ready, willing, and able to pay the person or persons entitled to the settlement funds and seeks permission to deposit all such payable sums into this Court's registry."

53.     To resolve this controversy, TASS joins Travelers to this adversary proceeding pursuant to Fed. R. Civ. P. 22, made applicable herein by Fed. R. Bankr. P. 7022, and seeks entry of an order requiring Travelers to interplead the Settlement Funds.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief – Determination of Interests in Settlement Funds)

54.     TASS incorporates by this reference the allegations contained in Paragraphs 1 through 53 above as though more fully set forth in this Claim for Relief.

55.     Under Rule 7001(2), a party make commence an adversary proceeding to determine the validity, priority and extent of interests in property.

56.     TASS seeks entry of an order and judgment declaring the following with respect to the interests of each of the Defendants in the Settlement Funds and the Arapahoe Judgment:

a.      A declaration that upon interpleading the Settlement Funds, Travelers has no interest in the Settlement Funds and may be dismissed as a party to the proceeding with prejudice;

b.      A declaration regarding ownership of the Settlement Funds and Arapahoe Judgment;

c.      A declaration that Godfrey | Johnson, P.C., Brett Godfrey, and Aaron Bakken jointly have a first priority lien on the Settlement Funds in the amount of $264.615.00;

d.      A declaration regarding the validity, priority and extent of the attorney fee liens claimed by the Law Offices of Fred C. Begy III, P.C., Fred C. Begy III, the Stang Law Firm, and Mark A. Stang on the Settlement Funds; and,

6

     e.     A declaration regarding the validity, priority and extent of any liens asserted on the Settlement Funds and the Arapahoe Judgment.

## **PRAYER FOR RELIEF**

WHEREFORE, TASS respectfully requests entry of the following relief:

1.     Entry of an order granting the interpleader requested herein and ordering Travelers to interplead the Settlement Funds in the registry of the Court;

2.     Entry of an order discharging Travelers from all further liability and dismissing Travelers from this proceeding with prejudice following the payment of the funds deposited into the Court's registry;

3.     Entry of the declaratory relief set forth in paragraph 56 above; and,

4.     Entry of such other and further relief as deemed appropriate.

Dated this 30th day of May, 2018.

          Respectfully submitted,

          WADSWORTH WARNER CONRARDY, P.C.

          */s/ David V. Wadsworth*
          David V. Wadsworth, #32066
          Aaron J. Conrardy, #40030
          Lacey S. Bryan, #51908
          2580 W. Main Street, Suite 200
          Littleton, Colorado 80120
          Phone: (303) 296-1999/Fax: (303) 296-7600
          dwadsworth@wwc-legal.com
          aconrardy@wwc-legal.com
          lbryan@wwc-legal.com
          Attorneys for the Debtor in Possession