## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-13507-MER |
| TEMPUS AIRCRAFT SALES AND ) | Chapter 11 |
| SERVICE, LLC ) | |
| ) | |
| Debtor, ) | Adversary Proceeding No. 18-01167 MER |
| ) | |
| _____ ) | |
| TEMPUS AIRCRAFT SALES AND ) | |
| SERVICE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The Travelers Indemnity Company, et al ) | |
| ) | |
| Defendants ) | |
| ) | |

## BANK OF THE WEST'S ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant Bank of the West ("**BOW**"), by and through its attorneys, Markus Williams Young & Zimmermann LLC, and for its Answer to Amended Complaint, such Amended Complaint having been filed on May 30, 3018, states and alleges as follows:

1. BOW admits the allegations set forth in paragraph 1 of the Amended Complaint.

2. BOW admits the allegations set forth in paragraph 2 of the Amended Complaint.

3. BOW admits the allegations set forth in paragraph 3 of the Amended Complaint.

4. BOW admits the allegations set forth in paragraph 4 of the Amended Complaint.

5. BOW admits the allegations set forth in paragraph 5 of the Amended Complaint.

6. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint and therefore denies same.

7. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint and therefore denies same.

8. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint and therefore denies same.

9. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint and therefore denies same.

10. In BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint and therefore denies same.

11. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint and therefore denies same.

12. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint and therefore denies same.

13. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint and therefore denies same.

14. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint and therefore denies same.

15. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint and therefore denies same.

16. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint and therefore denies same.

17. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint and therefore denies same.

18. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint and therefore denies same.

19. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint and therefore denies same.

20. BOW admits the allegations set forth in paragraph 20 of the Amended Complaint.

21. BOW admits the allegations set forth in paragraph 21 of the Amended Complaint.

22. BOW admits the allegations set forth in paragraph 22 of the Amended Complaint.

23. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint and therefore denies same.

24. BOW admits the allegations set forth in paragraph 24 of the Amended Complaint.

25. BOW admits the allegations set forth in paragraph 25 of the Amended Complaint.

26. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint and therefore denies same.

27. BOW admits the allegations set forth in paragraph 27 of the Amended Complaint.

28. BOW admits the allegations set forth in paragraph 28 of the Amended Complaint.

29. BOW admits the allegations set forth in paragraph 29 of the Amended Complaint.

30. BOW admits the allegations set forth in paragraph 30 of the Amended Complaint.

31. BOW admits the allegations set forth in paragraph 31 of the Amended Complaint.

32. BOW admits the allegations set forth in paragraph 32 of the Amended Complaint.

33. BOW admits the allegations set forth in paragraph 33 of the Amended Complaint.

34. As to the allegations set forth in paragraph 34 of the Amended Complaint BOW admits that Cordes and Company was appointed as receiver for property of TASS (Debtor) that was collateral for BOW's loan to TASS and that Cordes & Company entered its appearance in the Underlying Lawsuit and purported to act on behalf of TASS therein with respect to the Settlement Funds. BOW is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Amended Complaint and therefore denies same.

35. BOW admits the allegations set forth in paragraph 35 of the Amended Complaint.

36. BOW admits the allegations set forth in paragraph 36 of the Amended Complaint.

37. BOW admits the allegations set forth in paragraph 37 of the Amended Complaint.

38. BOW admits the allegations set forth in paragraph 38 of the Amended Complaint.

39. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint and therefore denies same.

40. BOW admits the allegations set forth in paragraph 40 of the Amended Complaint.

41. BOW admits the allegations set forth in paragraph 41 of the Amended Complaint.

42. BOW admits the allegations set forth in paragraph 42 of the Amended Complaint.

43. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint and therefore denies same.

44. BOW admits the allegations set forth in paragraph 44 of the Amended Complaint.

45. BOW admits the allegations set forth in paragraph 45 of the Amended Complaint.

46. BOW admits the allegations set forth in in the first sentence of paragraph 46 of the Amended Complaint. BOW does not understand the second sentence of paragraph 46 of the Amended Complaint, and is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 46 of the Amended Complaint therefore denies same.

47. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint and therefore denies same.

48. BOW incorporates its responses to paragraphs 1 through 47 of the Amended complaint as if fully set forth.

49. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint and therefore denies same.

50. BOW admits the allegations set forth in paragraph 50 of the Amended Complaint.

51. BOW is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint and therefore denies same.

52. BOW admits the allegations set forth in paragraph 52 of the Amended Complaint.

53. It appears that paragraph 53 and the first claim for relief seek no relief as to BOW thus BOW is not obligated to answer paragraph 53. To the extent an answer is required, BOW admits the allegations set forth in paragraph 53 of the Amended Complaint.

54. BOW incorporates its responses to paragraphs 1 through 53 of the Amended complaint as if fully set forth.

55. BOW admits the allegations set forth in paragraph 55 of the Amended Complaint.

56. Regarding paragraph 56 of the amended complaint BOW admits that TASS is seeking the relief stated in subparagraphs a. through e. and denies any other allegation contained in paragraph 56 of the amended complaint.

57. BOW denies each allegation of the Amended Complaint not specifically admitted, denied, or otherwise pleaded hereinabove.

## AFFIRMATIVE DEFENSES

1. Bank of the West's Security Agreement and UCC-1 Financing Statement, encumbering all assets of the Debtor, are prior and superior to any claim by the Debtor, or claims by any of the other named Defendants to the proceeds of the Bank's collateral represented by the Settlement Funds (as defined in the Motion).

2. Bank of the West has a claim to the Settlement Funds, that are proceeds of the Bank's collateral, that is a senior and superior claim to any interest of the Debtor or the interest any of the other Defendants named in this action.

WHEREFORE, Bank of the West requests that the Court enter an order finding that Bank of the West has a claim to the Settlement Funds that are proceeds of the Bank's collateral, that is senior and superior to any claim by the Debtor or any of the other Defendants in this action and that such funds be immediately turned over to Bank of the West.

Dated this 27th day of June, 2018.

        MARKUS WILLIAMS YOUNG &
        ZIMMERMANN LLC


        By:  /s/ Donald D. Allen
           Donald D. Allen, #13654
           Attorneys for Bank of the West

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 27th day of June, 2018, via CM/ECF upon the following:

David Wadsworth
Aaron J. Conrardy
2580 W. Main Street, Suite 200
Littleton, Colorado 80120
dwadsworth@wwc-legal.com

Tom H. Connolly
950 Spruce St., Ste. 1C
Louisville, CO 80027

*/s/ Serina R. Schaefer*
Serina R. Schaefer
