# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>TEMPUS AIRCRAFT SALES AND SERVICE, LLC,<br><br>      Debtor. | Case No. 18-13507 MER<br><br>Chapter 11 |
| TEMPUS AIRCRAFT SALES AND SERVICE, LLC,<br><br>      Plaintiff<br>v.<br>THE TRAVELERS INDEMNITY COMPANY; ORION AIRGROUP HOLDINGS, LLC; LOW COUNTRY TRADING IV, LLC; LOW COUNTY TRADING VI, LLC; TEMPUS JET CENTERS III, LLC; GODFREY I JOHNSON, P.C.; BRETT GODFREY, AARON BAKKEN; THE LAW OFFICES OF FRED C. BEGY III; FRED C. BEGY III; THE STANG LAW FIRM; MARK A. STANG; FIREFLY FINANCIAL LTD.; STONEBRLAR COMMERCIAL FINANCE; AND, BANK OF THE WEST, N.A.,<br><br>      Defendants. | Adversary Proceeding No. 18-01167 EEB |

## ANSWER OF DEFENDANT STONEBRIAR COMMERCIAL FINANCE LLC TO PLAINTIFF'S AMENDED COMPLAINT

  Defendant Stonebriar Commercial Finance LLC ("Stonebriar"), by and through its undersigned counsel, respectfully answer Plaintiff's Amended Complaint as follows. Stonebriar denies each allegation that is not explicitly admitted below.

## JURISDICTION AND VENUE

1. Stonebriar neither admits nor denies that this court has subject matter jurisdiction over this adversary proceeding because this is a legal conclusion and thus no response is required.

2. Stonebriar admits that this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (K), and (O). By way of further response, and as required by Rule 7012 of the Federal Rules of Bankruptcy Procedure, Stonebriar states that it consents to the entry of final orders by the Bankruptcy Court.

3. Stonebriar denies that venue in this district is proper.

4. Stonebriar agrees that the Debtor has commenced this adversary proceeding is commenced pursuant to Rule 7001(1), (2), and (9) of the Federal Rules of Bankruptcy Procedure.

## STATEMENT PURSUANT TO RULE 7008

5. Stonebriar does not believe this paragraph requires an admission or a denial.

## GENERAL ALLEGATIONS

6. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

7. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

8. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

9. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

10. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

11. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

12. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

13. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

14. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

15. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

16. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

17. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

18. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

19. Stonebriar denies that it is a Texas limited liability company. Stonebriar is a Delaware limited liability company.

20. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

21. Stonebriar admits the allegations in this paragraph.

22. Stonebriar admits the allegations in this paragraph.

23. Stonebriar admits the allegations in this paragraph.

24. Stonebriar admits the allegations in this paragraph.

25. Stonebriar does not have sufficient information to admit or deny whether "The settling parties cooperated in the drafting of a Confidential Release of All Claims." Stonebriar admits that "The release was also signed by nonparty TASS which asserted an interest in the litigation."

26. Stonebriar admits the allegations in this paragraph.

27. Stonebriar admits the allegations in this paragraph.

28. Stonebriar admits the allegations in this paragraph.

29. Stonebriar admits the allegations in this paragraph.

30. Stonebriar admits the allegations in this paragraph.

31. Stonebriar admits the allegations in this paragraph.

32. Stonebriar admits the allegations in this paragraph.

33. Stonebriar admits the allegations in this paragraph.

34. Stonebriar admits the allegations in this paragraph.

35. Stonebriar admits the allegations in this paragraph.

36. Stonebriar admits the allegations in this paragraph.

37. Stonebriar admits the allegations in this paragraph.

38. Stonebriar admits the allegations in this paragraph.

39. Stonebriar admits the allegations in this paragraph.

40. Stonebriar admits the allegations in this paragraph.

41. Stonebriar admits the allegations in this paragraph.

42. Stonebriar admits the allegations in this paragraph.

43. Stonebriar admits the allegations in this paragraph.

44. Stonebriar admits the allegations in this paragraph.

45. Stonebriar admits the allegations in this paragraph.

46. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

47. Stonebriar denies the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

48. Stonebriar does not believe this paragraph requires an admission or a denial.

49. Stonebriar does not have sufficient information to admit or deny the allegations in this paragraph.

50. Stonebriar admits the allegations in this paragraph.

51. Stonebriar admits the allegations in this paragraph.

52. Stonebriar admits the allegations in this paragraph.

53. Stonebriar does not believe this paragraph requires an admission or a denial, but, to the extent it does, Stonebriar denies that Travelers should be required to interplead the Settlement Funds.

## SECOND CLAIM FOR RELIEF

54. Stonebriar does not believe this paragraph requires an admission or a denial.

55. Stonebriar admits that Rule 7001(2) allows the commencement of such an action.

56. Stonebriar does not believe this paragraph or its subparts require an admission or a denial, but, to the extent they do, Stonebriar denies that the Court should issue such an order.

## PRAYER FOR RELIEF

Stonebriar does not believe this paragraph or its subparts require an admission or a denial, but, to the extent they do, Stonebriar denies that the Court should enter the requested relief.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over all of the parties.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by the Debtor are not property of the Debtor's bankruptcy estate.

## FIFTH AFFIRMATIVE DEFENSE

The continued prosecution of the Interpleader Lawsuit will not defeat or impair this Court's jurisdiction over the Debtors' bankruptcy. To the extent that the interests of justice and convenience of the parties are best served if the issues raised in the Adversary Complaint are adjudicated in and decided by the District Court for the City and County of Denver in the Interpleader Lawsuit, Stonebriar reserves its right to request that this Court abstain, transfer, dismiss or otherwise permit the issues raised in the Adversary Complaint to be adjudicated in and decided by the District Court for the City and County of Denver.

DATED this 29 day of June, 2018.

                                            Respectfully submitted,

                                            */s/LeElle Slifer*
                                            LeElle Slifer
                                            BURNS CHAREST LLP
                                            900 Jackson Street, Suite 500
                                            Dallas, Texas 75202
                                            (469) 904-4550
                                            lslifer@burnscharest.com

                                            Thomas E.M. Werge
                                            WERGE & HAHN LLC
                                            110 Sixteenth Street, Suite 1400
                                            Denver, CO 80202
                                            (720) 458-1401
                                            tom@werge.law

                                            *Attorneys for Stonebriar Commercial Finance LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>TEMPUS AIRCRAFT SALES AND SERVICE, LLC,<br><br>　　　　　　　　Debtor. | Case No. 18-13507 MER<br><br>Chapter 11 |
| TEMPUS AIRCRAFT SALES AND SERVICE, LLC,<br><br>　　　　　　　　Plaintiff<br>v.<br>THE TRAVELERS INDEMNITY COMPANY; ORION AIRGROUP HOLDINGS, LLC; LOW COUNTRY TRADING IV, LLC; LOW COUNTY TRADING VI, LLC; TEMPUS JET CENTERS III, LLC; GODFREY I JOHNSON, P.C.; BRETT GODFREY, AARON BAKKEN; THE LAW OFFICES OF FRED C. BEGY III; FRED C. BEGY III; THE STANG LAW FIRM; MARK A. STANG; FIREFLY FINANCIAL LTD.; STONEBRLAR COMMERCIAL FINANCE; AND, BANK OF THE WEST, N.A.,<br><br>　　　　　　　　Defendants. | Adversary Proceeding No. 18-01167 EEB |

## CERTIFICATE OF SERVICE

　　　The undersigned certifies that on June 29, 2018, I served electronically through CM/ECF a copy of **ANSWER OF DEFENDANT STONEBRIAR COMMERCIAL FINANCE LLC TO PLAINTIFF'S AMENDED COMPLAINT**, to the following:

**David Wadsworth**
**Aaron J. Conrardy**
**Lacey S. Bryan**
WADSWORTH WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, CO 80120
303-296-1999
Fax : 303-296-7600
dwadsworth@wwc-legal.com
aconrardy@wwc-legal.com
lbryan@wwc-legal.com

***Attorneys for Plaintiff Tempus Aircraft Sales and Service, LLC.***
Served via CM/ECF

**Donald D. Allen**
MARKUS WILLIAMS YOUNG & ZIMMERMANN LLC
1700 Lincoln St.
Ste. 4550
Denver, CO 80203
303-830-0800
Email: dallen@markuswilliams.com

***Attorney for Defendant Bank of the West, N.A.***
Served via CM/ECF

**Alan K. Motes**
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
303-312-7999
Email: Alan.Motes@usdoj.gov

***Attorney for U.S. Trustee Tom Connolly***
Served via prepaid US First Class Mail

*/s/     LeElle Slifer*
For Burns Charest LLP