UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | Case No. 18-13507-EEB |
| SERVICE, LLC, | ) | Chapter 11 |
|       Debtor, | ) | |
| _____ | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | |
| SERVICE, LLC, | ) | |
|       Plaintiff, | ) | Adversary Proceeding No. 18-01167-EEB |
| | ) | |
| v. | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY; ORION AIRGROUP | ) | |
| HOLDINGS, LLC; LOW COUNTRY | ) | |
| TRADING VI, LLC; LOW COUNTRY | ) | |
| VI, LLC; TEMPUS JET | ) | |
| CENTS III, LLC; GODFREY \| | ) | |
| JOHNSON, P.C.; BRETT GODFREY; | ) | |
| AARON BAKKEN; THE LAW OFFICES | ) | |
| OF FRED C. BEGY III; FRED C. BEGY | ) | |
| III; THE STANG LAW FIRM; MARK A | ) | |
| STANG; FIREFLY FINANCIAL LTD.; | ) | |
| STONEBRAIR COMMERCIAL | ) | |
| FINANCE;  and BANK OF THE WEST, | ) | |
| N.A., | ) | |
|       Defendants. | ) | |

---

### DEFENDANT TRAVELERS INDEMNITY COMPANY'S ANSWER TO AMENDED COMPLAINT

---

Defendant The Travelers Indemnity Company ("Travelers"), by and through its attorneys,

Gordon & Rees LLP, hereby submits its Answer to Plaintiff Tempus Aircraft Sales & Service's

Amended Complaint (ECF 3):

## JURISDICTION AND VENUE

1.      The allegations set forth in Paragraph 1 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Travelers states that 28 U.S.C. § 1334(b) and (e) speak for themselves.

2.      The allegations set forth in Paragraph 2 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Travelers denies the allegations.

3.      Travelers admits that venue is proper in this District.

4.      The allegations set forth in Paragraph 3 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Travelers states that Rules 7001(1), (2), and (9) speak for themselves.

## STATEMENT PURSUANT TO RULE 7008

5.       The allegation set forth in Paragraph 5 relates to Plaintiff's obligations under Rule 7008 and no response is required.

## GENERAL ALLEGATIONS

### Parties

6.      Travelers admits the allegations set forth in Paragraph 6.

7.      Upon information and belief, Travelers admits the allegations set forth in Paragraph 7.

8.      Upon information and belief, Travelers admits the allegations set forth in Paragraph 8.

9.      Upon information and belief, Travelers admits the allegations set forth in Paragraph 9.

10.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 10.

11.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 11.

12.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 12.

13.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 13.

14.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 14.

15.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 15.

16.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 16.

17.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 17.

18.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 18.

19.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 19.

20.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 20.

<u>Background</u>

21.     Travelers admits the allegations set forth in Paragraph 21.

22.     Travelers admits the allegations set forth in Paragraph 22.

23.     Travelers admits the allegations set forth in Paragraph 23.

24.     Travelers admits the allegations set forth in Paragraph 24.

25.     Travelers admits the allegations set forth in Paragraph 25.

26.     Travelers admits that a Confidential Release of All Claims was executed on or about October 25, 2017 and states that the settlement amount therein is confidential.

27.     Travelers admits the allegations set forth in Paragraph 27.

28.     Travelers admits the allegations set forth in Paragraph 28.

29.     Travelers admits the allegations set forth in Paragraph 29.

30.     Travelers admits the allegations set forth in Paragraph 30.

31.     Travelers admits the allegations set forth in Paragraph 31.

32.     Upon information and belief, Travelers admits the allegations set forth in Paragraph 32.

33.     Travelers admits the allegations set forth in Paragraph 33.

34.     Travelers admits that Cordes & Company was appointed as the receiver for TASS and entered an appearance on behalf of TASS in the Underlying Lawsuit.  Travelers is without sufficient information or belief as to the remaining allegations of Paragraph 34 and therefore denies them.

35.     Travelers admits the allegations set forth in Paragraph 35.

36.     Travelers admits the allegations set forth in Paragraph 36.

37.     Travelers admits the allegations set forth in Paragraph 37.

- 4 -

38.    Travelers admits the allegations set forth in Paragraph 38.

39.    Travelers admits the allegations set forth in Paragraph 39.

40.    Travelers admits the allegations set forth in Paragraph 40.

41.    Travelers admits the allegations set forth in Paragraph 41.

42.    Travelers admits the allegations set forth in Paragraph 42 accurately quotes a portion a Judge Torrington's April 10, 2018 Order.

43.    Travelers admits the allegations set forth in Paragraph 43.

44.    Based upon public records, Travelers admits the allegations set forth in Paragraph 44.

45.    Travelers admits the allegations set forth in Paragraph 45.

46.    Travelers lack sufficient information to admit or deny Plaintiff's allegations or pleading decisions and therefore denies the allegations in Paragraph 46.

47.    Travelers denies the allegations set forth in Paragraph 47.

## FIRST CLAIM FOR RELIEF

### (Interpleader Pursuant to Fed. R. Civ. P. 22)

48.    Travelers incorporates its previous responses as if fully set forth herein.

49.    Travelers admits the allegations set forth in Paragraph 49.

50.    Travelers states that its allegations in the Interpleader Lawsuit speak for themselves.

51.    Travelers admits the allegations set forth in Paragraph 51.

52.    Travelers states that its allegations in the Interpleader Lawsuit speak for themselves.

53.    Travelers is without sufficient information as to TASS's reasons for joining it in this lawsuit and therefore, denies those allegations.  Travelers admits that the interpleader of the settlement funds, a subsequent determination that Travelers has complied with the terms of the Confidential Release of All Claims, and the dismissal of Travelers are appropriate.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief – Determination of Interests in Settlement Funds)

54.    Travelers incorporates its previous responses as if fully set forth herein.

55.    The allegations set forth in Paragraph 55 set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Travelers states that Rule 7001(2) speaks for itself.

56.    Travelers admits that, following the interpleader of the Settlement Funds, an order dismissing it with prejudice is appropriate.  Travelers is without sufficient information to admit or deny the relief requested in the remainder of Paragraph 56.

## GENERAL DENIAL

57.    Travelers denies each and every allegations not expressly admitted herein.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Amended Complaint, The Travelers Indemnity Company respectfully requests the following relief:

1.    For an Order directing Travelers to deposit the aforementioned Settlement Funds for future disbursement according to this Court's judgment;

2.    This Court require Plaintiff and the remaining Defendants to assert their respective claims to the proceeds deposited and litigate among themselves their respective rights to such proceeds;

3.      This Court enter an order restraining and enjoining defendants from instituting or prosecuting actions and/or collection proceedings based on such claims;

4.      This Court adjudicate the correct payee or payees of the Settlement Funds and direct a Clerk of Court to disburse the funds deposited into its registry in accordance therewith;

5.      This Court discharge the Travelers Indemnity Company from all further liability and dismiss it from this action with prejudice following the payment of the funds deposited;

6.      This Court award the Travelers Indemnity Company its attorney fees and costs incurred in bringing this interpleader action out of the funds deposited into its registry;

7.      This Court grant such other relief as it deems appropriate.

Dated this 29th day of June, 2018.

                              **GORDON & REES LLP**


                               */s/  John M. Palmeri*
                              John M. Palmeri
                              Greg S. Hearing
                              555 Seventeenth Street, Ste. 3400
                              Denver, Colorado 80202
                              (303) 534-5160
                              jpalmeri@grsm.com
                              ghearing@grsm.com

                              ATTORNEYS FOR DEFENDANT
                              THE TRAVELERS INDEMNITY
                              COMPANY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to the following this 29th day of June, 2018.

Low Country Trading IV, LLC
12260 E. Control Tower Road
Englewood, Colorado 80112

Low Country Trading VI, LLC
12260 E. Control Tower Road
Englewood, Colorado 80112

Orion Airgroup Holdings, LLC
12260 E. Control Tower Road
Englewood, Colorado 80112

Tempus Jet Centers III, LLC
12260 E. Control Tower Road
Englewood, Colorado 80112

Godfrey Johnson, P.C.
9557 S. Kingston Ct.
Englewood, Colorado 80112

Bret Godrey, Esq.
9557 S. Kingston Ct.
Englewood, Colorado 80112

The Law Offices of Fred C. Begy III
200 N. Lasalle, Ste. 2810
Chicago, Illinois 60601

Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois 60035-1265

Mark A. Stang, Esq.
Stang-Law Firm
584 Hyacinth Place
Highland Park, Illinois 60035-1265

Firefly Financial, Ltd.
c/o Edward E. Bagnell, Jr.
411 East Franklin Street, Ste. 600
Richmond, Virginia 23219

Bank of the West, N.A.
c/o Nandita Bakhshi, CEO
180 Montgomery Street
San Francisco, California 94104

Thomas E.M. Werge
LeElle Slifer
900 Jackson Street, Ste. 500
Dallas, Texas 75202

Aaron Bakken
9557 S. Kingston Ct.
Englewood, Colorado 80112

Fred C. Begy III
5 Roanoke Ct., Burr Ridge
Chicago, Illinois 60577

Stonebriar Commerical Finance
12649 W. Warren Avenue
Lakewood, Colorado 80228

Donald D. Allen
Jennifer M. Salisbury
James T. Markus
1700 Lincoln Street, Ste. 4550
Denver, Colorado 80203

 */s/  Linda J. Bustos*