## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | Case No. 18-13507 EEB |
| SERVICE, LLC, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| TEMPUS AIRCRAFT SALES AND | ) | |
| SERVICE, LLC, | ) | Adversary Proceeding No. 18-01167 EEB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY; ORION AIR GROUP | ) | |
| HOLDINGS, LLC; LOW COUNTRY | ) | |
| TRADING IV, LLC; LOW COUNTY | ) | |
| TRADING VI, LLC; TEMPUS JET | ) | |
| CENTERS III, LLC; GODFREY \| | ) | |
| JOHNSON, P.C.; BRETT GODFREY; | ) | |
| AARON BAKKEN; THE LAW OFFICES | ) | |
| OF FRED C. BEGY III; FRED C. BEGY | ) | |
| III; THE STANG LAW FIRM; MARK A. | ) | |
| STANG; FIREFLY FINANCIAL LTD.; | ) | |
| STONEBRIAR COMMERCIAL | ) | |
| FINANCE; and, BANK OF THE WEST, | ) | |
| N.A., | ) | |
| Defendants. | ) | |

## GODFREY | JOHNSON, P.C., BRETT GODFREY AND AARON BAKKEN'S ANSWER

Defendants, Godfrey | Johnson, P.C., Brett Godfrey and Aaron Bakken (hereinafter "Godfrey | Johnson") respectfully submit their Answer, showing the Court as follows:

### JURISDICTION AND VENUE

1. The averments of ¶ 1 of the Complaint are denied to the extent that the funds at issue are owed by Travelers Indem. Co. ("Travelers") to Orion Air Group Holdings, LLC ("Orion"), neither of whom are parties to the instant bankruptcy and neither of whom are claimants

or judgment debtors with respect to the Debtor. Further, the funds owed to Godfrey | Johnson, P.C. are derived from an attorney's lien filed in the Colorado district court action in which the disputed settlement funds were negotiated.

     2.     The averments contained within ¶2 of the Complaint raises a question of law that requires no factual response.

     3.     Godfrey | Johnson admits the averments contained within ¶ 3 of the Complaint.

     4.     Godfrey | Johnson admits the averments contained within ¶ 4 of the Complaint.

### STATEMENT PURSUANT TO RULE 7008

     5.     This paragraph does not require a response though to the extent a response is required from Godfrey | Johnson, they deny the allegations contained in ¶ 5 of Plaintiff's Amended Complaint.

### GENERAL ALLEGATIONS

<u>Parties</u>

     6.     Godfrey | Johnson admit the allegations contained in ¶ 6 of Plaintiff's Amended Complaint.

     7.     Godfrey | Johnson admit the allegations contained in ¶ 7 of Plaintiff's Amended Complaint.

     8.     Godfrey | Johnson admit the allegations contained in ¶ 8 of Plaintiff's Amended Complaint.

     9.     Godfrey | Johnson admit the allegations contained in ¶ 9 of Plaintiff's Amended Complaint.

     10.     Godfrey | Johnson admit the allegations contained in ¶ 10 of Plaintiff's Amended Complaint.

     11.     Godfrey | Johnson admit the allegations contained in ¶ 11 of Plaintiff's Amended Complaint.

     12.     Godfrey | Johnson admit the allegations contained in ¶ 12 of Plaintiff's Amended Complaint, except with respect to TASS, which was not a party to that action.

     13.     Godfrey | Johnson admit the allegations contained in ¶ 13 of Plaintiff's Amended Complaint, except with respect to TASS, which was not a party to that action.

14. Godfrey | Johnson admit the allegation contained in ¶ 14 of Plaintiff's Amended Complaint that The Law Offices of Fred C. Begy III, P.C. is an Illinois professional corporation that provides occasional professional services in the State of Colorado pursuant to pro hac vice admission, but on information and belief deny the allegation contained in ¶ 14 of Plaintiff's Amended Complaint that The Law Offices of Fred C. Begy III, P.C. provides sustained professional services in the State of Colorado.

15. Godfrey | Johnson admit the allegations contained in ¶ 15 of Plaintiff's Amended Complaint, except with respect to TASS, which was not a party to that action.

16. Godfrey | Johnson admit the allegation contained in ¶ 16 of Plaintiff's Amended Complaint that The Stang Law Firm is an Illinois law firm that provides occasional professional services in the State of Colorado pursuant to pro hac vice admission, but on information and belief deny the allegation contained in ¶ 16 of Plaintiff's Amended Complaint that The Stang Law Firm provides sustained professional services in the State of Colorado.

17. Godfrey | Johnson admit the allegations contained in ¶ 17 of Plaintiff's Amended Complaint, except with respect to TASS, which was not a party to that action.

18. Godfrey | Johnson are without sufficient knowledge or information to form a belief as to the truth of the allegation contained in ¶ 18 of Plaintiff's Amended Complaint concerning whether Firefly Financial, Ltd. ("Firefly") is a British Virgin Islands company, and therefore they deny the same. Godfrey | Johnson admit the allegation contained in ¶ 18 of Plaintiff's Amended Complaint that Firefly has in the past asserted an interest in the property subject to this action, but Godfrey | Johnson deny that it has a valid interest.

19. Godfrey | Johnson deny the allegation contained in ¶ 19 of Plaintiff's Amended Complaint that Stonebriar Commercial Finance ("Stonebriar") is a Texas limited liability company. Godfrey | Johnson admit the allegation contained in in ¶ 19 of Plaintiff's Amended Complaint that Stonebriar has asserted an interest in the property subject to this action, but Godfrey | Johnson deny that it has a valid interest.

20. Godfrey | Johnson admit the allegation contained in ¶ 20 of Plaintiff's Amended Complaint that Bank of the West, N.A. ("Bank of the West") is a national bank doing business in Colorado. Godfrey | Johnson admit the allegation contained in ¶ 20 of Plaintiff's Amended Complaint that Bank of the West has asserted an interest in the property subject to this action, but Godfrey | Johnson deny that it has a valid interest.

Background

21. Godfrey | Johnson admit the allegations contained in ¶ 21 of Plaintiff's Amended Complaint, and notes that Tempus Jets III, LLC, was also named as a plaintiff in the referenced civil action, as averred in ¶ 23 of the Complaint.

22. Godfrey | Johnson admit the allegations contained in ¶ 22 of Plaintiff's Amended Complaint.

23. Godfrey | Johnson admit the allegations contained in ¶ 23 of Plaintiff's Amended Complaint.

24. Godfrey | Johnson admit the allegations contained in ¶ 24 of Plaintiff's Amended Complaint that Travelers and Orion Plaintiffs entered into an agreement, but Godfrey | Johnson deny the allegations contained in ¶ 24 of Plaintiff's Amended Complaint to the extent that they imply Travelers has complied with its obligations under the same.

25. Godfrey | Johnson admit the allegations contained in ¶ 25 of Plaintiff's Amended Complaint.

26. The amount of the settlement was intended by the parties to be confidential; therefore, Godfrey | Johnson, as counsel for the plaintiff in that action, are not at liberty to publicly admit or deny the averments contained within ¶ 26 of the Complaint.

27. Godfrey | Johnson admit the allegations contained in ¶ 27 of Plaintiff's Amended Complaint.

28. Godfrey | Johnson admit the allegations contained in ¶ 28 of Plaintiff's Amended Complaint that Firefly asserted a claim against Orion and that Bank of the West and Stonebriar asserted claims against TASS prior to the delivery of the settlement funds. On information and belief, Godfrey | Johnson deny all remaining allegations contained in ¶ 28 of Plaintiff's Amended Complaint.

29. Godfrey | Johnson admit the allegations contained in ¶ 29 of Plaintiff's Amended Complaint.

30. Godfrey | Johnson admit the allegations contained in ¶ 30 of Plaintiff's Amended Complaint.

31. Godfrey | Johnson admit the allegations contained in ¶ 31 of Plaintiff's Amended Complaint that on November 1, 2017, Firefly Financial obtained an *Ex Parte* Writ of Attachment pursuant to C.R.C.P. 102 in its favor but deny all remaining allegations contained in ¶ 26 of Plaintiff's Amended Complaint. Godfrey | Johnson affirmatively state that the terms of the Writ, as constrained by applicable law, define its lawful scope.

32. Godfrey | Johnson are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 32 of Plaintiff's Amended Complaint, and therefore they deny the same.

33. Godfrey | Johnson admit the allegations contained in ¶ 33 of Plaintiff's Amended Complaint and affirmatively state that the sole relief requested by Bank of the West was appointment of a receiver pursuant to C.R.C.P. 66.

34. Godfrey | Johnson admit the allegations contained in ¶ 34 of Plaintiff's Amended Complaint.

35. Godfrey | Johnson admit the allegations contained in ¶ 35 of Plaintiff's Amended Complaint.

36. Godfrey | Johnson admit the allegations contained in ¶ 36 of Plaintiff's Amended Complaint.

37. Godfrey | Johnson admit the allegations contained in ¶ 37 of Plaintiff's Amended Complaint.

38. Godfrey | Johnson admit the allegations contained in ¶ 38 of Plaintiff's Amended Complaint, however, the referenced district court later retracted that ruling and ordered the funds to be returned to Travelers as averred in ¶ 42 of the Complaint; said amounts remain due and owing to Orion and its attorneys who have perfected statutory liens that were recognized by said state district court.

39. Godfrey | Johnson deny the allegations contained in ¶ 39 of Plaintiff's Amended Complaint.

40. Godfrey | Johnson deny the allegations contained in ¶ 40 of Plaintiff's Amended Complaint and affirmatively states that Firefly moved to intervene on February 20, 2018.

41. Godfrey | Johnson admit the allegations contained in ¶ 41 of Plaintiff's Amended Complaint.

42. Godfrey | Johnson admit the allegations contained in ¶ 42 of Plaintiff's Amended Complaint.

43. Godfrey | Johnson admit the allegations contained in ¶ 43 of Plaintiff's Amended Complaint.

44. Godfrey | Johnson admit the allegations contained in ¶ 44 of Plaintiff's Amended Complaint.

45. Godfrey | Johnson admit the allegations contained in ¶ 45 of Plaintiff's Amended Complaint.

46. Godfrey | Johnson admit the allegation contained in ¶ 46 of Plaintiff's Amended Complaint that the Interpleader Lawsuit names Cordes & Company as a defendant but not Bank of the West. Godfrey | Johnson are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in ¶ 46 of Plaintiff's Amended Complaint, and therefore they deny the same.

47. Godfrey | Johnson are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in ¶ 47 of Plaintiff's Amended Complaint, and therefore they deny the same. However, Godfrey | Johnson admits that the Interpleader Lawsuit was improperly filed by Travelers, who should have paid the funds as specified in the settlement agreement rather than withholding them or paying them to the district court or continuing to withhold them after the district court retracted its order permitting the deposit of those funds.

## FIRST CLAIM FOR RELIEF

48. This paragraph does not require a response though to the extent a response is required from Godfrey | Johnson, they deny the allegations contained in ¶ 48 of Plaintiff's Amended Complaint.

49. Godfrey | Johnson deny the allegations contained in ¶ 49 of Plaintiff's Amended Complaint; the settlement agreement pursuant to which said funds were due and owing eliminates any controversy, by its express terms, regarding to whom the funds should have been paid and when they should have been paid. None of the "competing" interests referenced in the Complaint are enforceable as to Travelers and Travelers therefore had no legal interest in, or justification for, withholding said funds as otherwise averred in this Answer by Godfrey | Johnson.

50. Godfrey | Johnson admit the allegations contained in ¶ 50 of Plaintiff's Amended Complaint, to the extent that it states what "Travelers alleged" but deny any remaining allegations contained in ¶ 50 of Plaintiff's Amended Complaint.

51. Godfrey | Johnson deny the allegations contained in ¶ 51 of Plaintiff's Amended Complaint and affirmatively state that Travelers requested to withdraw its attorney fees and costs out of the funds, and seeks a beneficial interest in the funds and is not a mere stakeholder.

52. Godfrey | Johnson admit the allegations contained in ¶ 52 of Plaintiff's Amended Complaint, to the extent that it states what "Travelers asserted" but deny any remaining allegations contained in ¶ 52 of Plaintiff's Amended Complaint.

53. Godfrey | Johnson admit the allegations contained in ¶ 53 of Plaintiff's Amended Complaint.

## SECOND CLAIM FOR RELIEF

54. This paragraph does not require a response though to the extent a response is required from Godfrey | Johnson, they deny the allegations contained in ¶ 54 of Plaintiff's Amended Complaint.

55. Godfrey | Johnson admit the allegation contained in ¶ 55 of Plaintiff's Amended Complaint to the extent that Rule 7001(2) permits "a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)" and deny any allegations contained in ¶ 55 of Plaintiff's Amended Complaint that are inconsistent with the Rule.

56. This paragraph does not require a response though to the extent a response is required from Godfrey | Johnson, they admit that Godfrey | Johnson, P.C., Brett Godfrey, and Aaron Bakken jointly have a first priority lien on the Settlement Funds in the amount of at least $264.615.00 but deny all other claims for relief contained in ¶ 56 of Plaintiff's Amended Complaint to the extent they are inconsistent therewith.

## PRAYER FOR RELIEF

WHEREFORE, Godfrey | Johnson pray for entry of an Order granting Plaintiff the relief it seeks with respect to a declaration that Godfrey | Johnson, P.C., Brett Godfrey, and Aaron Bakken jointly have a first priority lien on the Settlement Funds in the amount of at least $264.615.00 but denying all other relief to the extent it is inconsistent therewith; and awarding Godfrey | Johnson attorneys' fees and costs of suit pursuant to applicable law, pre-judgment and post-judgment interest, and such other and further relief as the Court may deem just and proper in the circumstances.

Respectfully submitted this 29th day of June, 2018.

GODFREY | JOHNSON, P.C.

/s Lily E. Nierenberg
Lily E. Nierenberg
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com
Attorneys for Defendants Godfrey | Johnson, P.C., Brett Godfrey and Aaron Bakken

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 29th day of June, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

David Wadsworth
Aaron J. Conrardy
Wadsworth Warner Conrardy, P.C.
2580 W. Main Street, Suite 200
Littleton, Colorado 80120
(303) 296-1999
aconrardy@wwc-legal.com
Attorneys for Tempus Aircraft Sales & Service, LLC

Donald D. Allen
1700 Lincoln Street, Suite 4550
Denver, CO 80203
Attorneys for Bank of the West, N.A.

                 /s Lily E. Nierenberg
                 Lily E. Nierenberg
                 9557 S. Kingston Court
                 Englewood, Colorado 80112
                 Phone: (303) 228-0700
                 Fax: (303) 228-0701
                 Email: nierenberg@gojolaw.com